UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| LAQUENTIN BROWN | SECTION "R" (2) |

## ORDER AND REASONS

The Court has received defendant Laquentin Brown's motion for compassionate release.[1] The government opposes the motion.[2] Because defendant has not exhausted his administrative remedies, and because defendant has not shown that he meets the requirements for compassionate release, the Court denies Brown's motion.

## I.  BACKGROUND

Laquentin Brown participated in a conspiracy that coerced adult women into prostitution.[3] Brown forced women to commit sex acts and would physically assault them if they did not follow his orders.[4] On one occasion, Brown beat a woman with an electoral cord, and on another

---

[1]  R. Doc. 529.
[2]  R. Doc. 532.
[3]  *See generally* R. Doc. 162 (factual basis).
[4]  *Id.* at 2-3.

occasion, he beat a woman with his belt.[5] Brown was charged with one count of conspiracy to commit sex trafficking and one count transportation for prostitution,[6] and he pleaded guilty to both counts.[7] On July 13, 2016, the Court sentenced Brown to 99 months' imprisonment.[8] Brown is incarcerated at Ashland FCI in Kentucky, with an expected release date of October 20, 2021.[9]

Brown now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic.[10] He claims that he cannot engage in social distancing in the prison, and that he is "scared for his life and [that his] last 17 months could turn into a death sentence."[11] Defendant further states that he has earned his G.E.D. and completed around 30 programs while in prison, including a drug treatment program.[12]

---

[5]   *Id.* at 3.
[6]   *See* R. Doc. 156 (superseding bill of information).
[7]   R. Doc. 160 (minute entry); R. Doc. 161 (plea agreement).
[8]   R. Doc. 413 at 2.
[9]   *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited June 17, 2020).
[10]  R. Doc. 529.
[11]  *Id.* at 1.
[12]  *See id.*

## II.  DISCUSSION

The government first argues that Brown cannot be released because he has not exhausted his administrative remedies.  The Compassionate Release Statute reads:

> The Court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c); *see also United States v. Fisher*, No. 118CR00118MRWCM1, 2020 WL 2411796, at *2 (W.D.N.C. May 12, 2020) (collecting cases standing for the proposition that many "courts . . . continue[] to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic").  Indeed, two circuit courts have recently held that a defendant must exhaust their remedies with the BOP before a court may consider a motion for compassionate release. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020) (holding that administrative exhaustion under the compassionate release statute is a mandatory claim-processing rule); *United States v. Raia*, 597 (3rd Cir.

3

2020) (holding that failure to exhaust "presents a glaring roadblock foreclosing compassionate release").

Brown emailed the warden on April 14, 2020, stating "I'm writing in regards of the cares act and the Ash528.09b to see if I qualify for it, I have a year left and my family were diagnosed with the virus."[13] The warden responded the same day, stating that Brown was ineligible.[14] But while the CARES Act allows a defendant to request home confinement from the warden, it does not authorize compassionate release, as the compassionate release statute is separate from the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (providing that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code.").

Courts have noted that requesting home detention is different in kind from requesting release from the warden, as the BOP exercises authority under different statutes. *See United States v. Allen*, No. 2:14-cr-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (noting that when a defendant is

---

[13]    R. Doc. 529 at 2.
[14]    *Id.*

4

allowed home confinement due to COVID-19, the BOP utilizes its authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541, not the compassionate release provision of 18 U.S.C. § 3582(c)). Courts have therefore found that when a defendant requests only home confinement from the warden—and not release under the compassionate release provisions—he has failed to exhaust his administrative remedies. *See United States v. Black*, No. 2:12-cr-263-3, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020). Therefore, because defendant only requested remedies under the CARES Act, and not release under the compassionate release statute, he has failed to exhaust his administrative remedies. This creates a "glaring roadblock" to his motion for compassionate release. *Raia*, 954 F.3d 594 at 597.

Moreover, Brown has not shown that he satisfies the other requirements for compassionate release. For instance, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65;

5

and (c) "[f]amily [c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Here, defendant does not identify how he fits into any of the Guidelines categories. Indeed, defendant is thirty-eight years old and cites no health condition nor any family circumstances. Instead, Brown seems to point to only a generalized fear of COVID-19.[15] But a generalized fear of the virus, by itself, does not rise to an "extraordinary and compelling reason" justifying release. *See, e.g., Raia*, 954 at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 5:13-cv-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release.").

The policy statement also requires that "[t]he defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2). Here, defendant has a lengthy criminal history, including two

---

[15] R. Doc. 529 at 1.

violent crimes.[16] And defendant's instant offenses are sex crimes, including a conspiracy to commit sex trafficking that lasted over a year.[17] The Court therefore does not find grounds under the Sentencing Commission's policy statements for compassionate release.

Additionally, the Court does not find the Section 3553(a) factors support such a reduction. When determining whether to modify a sentencing under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" militates against early release. *See* 18 U.S.C. § 3553(a)(2)(A). Brown was sentenced for a sex-trafficking conspiracy.[18] The factual basis, the truth of which Brown has attested to, recounts incidents of Brown abusing women in order to force them to continue prostitution. The Attorney General specifically excluded sex offenders from those for whom home confinement should be considered as a priority, given "the danger posed by the inmate to the community."[19]

---

[16]    *See* R. Doc. 310 at 30-37.
[17]    *See id.* at 310 ¶ 17; R. Doc. 162.
[18]    *See* R. Doc. 51 at 4.
[19]    *See* Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_ confinement.pdf.

Finally, Brown asks the Court to designate his place of confinement under 18 U.S.C. § 3582(c)(2). But the Court cannot order that relief, as that statute gives only the BOP the ability to place a defendant on home confinement. *See* 18 U.S.C. § 3582(c)(2) ("The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."); *see also United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[M]any cases have addressed the authority of a judge to specify the place of incarceration[,]" and "[t]hese cases hold that a court may recommend that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration.").

## III.  CONCLUSION

For the forgoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this __18th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE